# UNITED STATES DISTRICT COURT

EASTERN  District of  MICHIGAN

UNITED STATES OF AMERICA
V.
KEYSA MARIE SMITH,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case  4:06-CR-20436-5FL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-©, or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924©.
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence  X  a preponderance of the evidence  that
detention is appropriate in this matter. Based upon the information presented at the hearing, it appears that the Defendant in this matter lacks a suitable place in which to reside during the pendency of this case.  The home where the defendant proposes to reside could pose an inappropriate living environment for her. It further appears that the Defendant had attempted to evade law enforcement officials attempting to arrest her. Therefore, because of the issue of where the Defendant should reside, her attempt to evade arrest, as well as the amount of illegal substances involved in this matter, I find that the Defendant poses a risk of flight should she be released on bond. Accordingly, the Defendant shall be detained without bond pending trial. The issue of bond may be raised again should here circumstances change. IT IS SO ORDERED.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date: October 16, 2006

s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.  U.S. MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or © Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification of such filing to the following: Mark C. Jones,  Assistant  U.S. Attorney , and I hereby certify that I have mailed by United States Postal Service/hand delivered the paper to the following non-ECF participants: Daniel VanNorman Esq., 350 N. Court St., Ste. 203, Lapeer, MI 48446,  United States Marshal Service, 600 Church St., Flint, MI, 48502, Pretrial Services Officer, 600 Church St., Flint, MI 48502.

                                                          s/James P. Peltier  
                                                          James P. Peltier  
                                                          Courtroom Deputy Clerk  
                                                          U.S.District Court  
                                                          600 Church St.  
                                                          Flint, MI 48502  
                                                          810-341-7850  
                                                          pete_peltier@mied.uscourts.gov